**W. L. ROCHESTER, Jr., Plaintiff,**

v.

**The ROCHESTER CORPORATION, Defendant.**

**Civ. A. No. 4936.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Aug. 12, 1970.

James M. Thomson, Alexandria, Va., for plaintiff.

Haynie S. Trotter, Fairfax, Va., for defendant.

MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

This diversity action was brought by the plaintiff against the defendant, The Rochester Corporation, to establish and recover his benefit rights under the defendant corporation's pension plan.

The material facts were not seriously disputed. The plaintiff began his employment with the defendant's predecessor corporation in December of 1939. He worked for the corporation until May of 1965. He began as a salesman and worked his way up the ladder to sales manager.

When the management of the corporation changed hands in 1964 the plaintiff was gradually relieved of his sales responsibilities, resulting in his voluntary retirement on the date above mentioned.

The defendant, The Rochester Corporation, formerly Rochester Ropes, Inc., was incorporated in the State of New York, with its principal place of business in that State. In 1945 the defendant corporation qualified to conduct business in Virginia and moved its principal place of business to that State, where it continues to do business.

The retirement pension plan in question was adopted in December of 1943 when the corporation had its principal place of business in New York. The plan was significantly revamped and amended in 1954 and in 1960. The corporation's principal place of business was then in Virginia.

The 1960 amendment provides for the forfeiture of pension benefits if and when a former employee becomes engaged in competition with Rochester Ropes, Inc. or engages or enters the employ or acts in a consulting capacity for, or otherwise directly or indirectly performs services for any person, partnership, firm or corporation which is engaged in the manufacture or sale of any product similar to or in competition with any product manufactured or sold by Rochester Ropes, Inc. or any of its subsidiaries.

The board of directors of the corporation determined whether the former employee had breached any of the conditions set forth in this amendment. If he was found guilty of so doing, the board then declared the forfeiture and gave written notice thereof to the former employee in question.

The Court finds from the evidence presented in this case that the plaintiff has engaged in several of the prohibited acts as set forth in the 1960 amendment after terminating his employment with the corporation.

The first question to be decided is whether Virginia or New York law applies.

The Virginia conflict of laws rule, as stated in Poole v. Perkins, 126 Va. 331, 101 S.E. 240 (1919), reads as follows:

"It is a general rule that every contract, as to its validity, nature, interpretation and effect, or, as they may be called, the right, in contradistinction to the remedy, is governed by the law of the place where it is made, unless it is to be performed in another place; and then it is governed by the law of the place where it is to be performed."

See also In re Lincoln Industries, 166 F.Supp. 240 (W.D.Va.1958).

Applying this rule to the facts here found, Virginia law must be applied. The pension plan, as amended in 1954 and in 1960, was to be performed in Virginia, the principal place of the defendant's business.

The forfeiture provisions of the pension plan—here in dispute—involve restrictive covenants on competition—and employer-employee relationships—which are matters of public policy and interest in the State wherein the forfeiture is to be enforced. See Meissel v. Finley, 198 Va. 577, 95 S.E.2d 186 (1956); National Homes Corp. v. Lester Industries, 293 F.Supp. 1025 (W.D.Va.1968), affirmed in part and reversed in part, 404 F.2d 225 (4th Cir. 1968).

This dispute is not, as claimed by the defendant, litigation concerning the in-

ternal affairs of a corporation—where the law of the state of the corporation usually controls.

The language used and terms and conditions of the pension plan in question clearly indicate that it is contractual in nature—not gratuitous. The benefits are not future gifts promised to the employees which can be revoked at the will of the corporation. They can only be terminated prospectively. Although Section VII(2) allows the company to discontinue the plan if it determines business reasons so dictate, this section does not affect the employees' accrued equity and benefits up to that date. The forfeiture amendment supports this interpretation by referring to accrued pension benefits.

Further, present day realities of employer-employee relations support the view that a pension plan, albeit only employer funded, is contractual as distinguished from a revocable gift. Pension benefit plans are attractive from the standpoint of income tax liability—they are usually considered as deferred compensation—They are fringe benefits incidental to and a part of the employee's compensation. See Siegel v. First Penn. Banking & Trust Co., 201 F.Supp. 664 (E.D.Pa.1961); Dierks v. Thompson, 295 F.Supp. 1271 (D.C.R.I.1969); and Russell v. Princeton Laboratories, Inc., 50 N.J. 30, 231 A.2d 800 (1967).

The plaintiff contends that his accrued benefits—twenty years—when the forfeiture amendment was adopted cannot be impaired or canceled. We agree—The plan itself makes that rather clear; it reads:

" * * * nor shall any modification or amendment seek or secure any right, title, interest, or control to the Company or to the assets, funds, contracts, or values of the Trust or impair the interest in the Trust of any member created by or resulting from prior contributions. * * * "

See also Siegel v. First Penn. Banking & Trust Co., 248 F.Supp. 249 (E.D.Pa. 1965).

The Court further finds that the 1960 amendment, insofar as it provides for a forfeiture of the plaintiff's earned pension benefits, is void and unenforcible under Virginia law in that it amounts to a covenant against competition and deprives the plaintiff of his right to engage in the only kind of work he is qualified to perform during the remainder of his life.

Forfeiture clauses should be strictly and narrowly construed—The forfeiture of the right to work is to be voided whenever the Court can discern a rational basis for that result.

It is well settled in Virginia that restrictions in a covenant against competition must be reasonable as to both time and geographical area in relation to the employer's interest to be protected as well as not having an unduly harsh impact on one's opportunity to continue his livelihood. Both are unreasonable in this case.

For Virginia law covering the subject matter see Worrie v. Boze, 191 Va. 916, 62 S.E.2d 876 (1951); Meissel v. Finley, supra; Richardson v. Paxton Company, 203 Va. 790, 127 S.E.2d 113 (1962); National Homes Corp. v. Lester Industries, supra.

The Court is of the opinion that the plaintiff in this case is entitled to his accrued benefits as provided for in the defendant's corporate pension plan up to May 31, 1965, notwithstanding his subsequent activities in the wire rope field under the trade name of Bill Rochester, Inc., and it will be so decreed.

Counsel for the plaintiff will prepare an appropriate order in accordance with this memorandum opinion, submit it to counsel for the defendant for approval as to form, and then to the Court for entry.